UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| SPEEDCAST INTERNATIONAL LIMITED, et. al., | § § § § | CASE NO. 20-32243 |
| Debtors. | § § § § | Chapter 11 |
| | § | Jointly Administered |
| CATHERINE E. YOUNGMAN, in her capacity as Class 3 Trustee for the Speedcast SFA Lenders' Litigation Trust, | § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | ADV. PRO. 22-_____ |
| PETER SHAPER, | § § | |
| Defendant. | § § | |

1

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452(a), Southern District of Texas Local Rule LR81, Federal Rule of Bankruptcy Procedure 9027, and Bankruptcy Local Rule 9027-1, Defendant Peter Shaper ("Shaper"), files this Notice of Removal of the state court action styled *Catherine E. Youngman, in her capacity as Class 3 Trustee for the Speedcast SFA Lenders' Litigation Trust v. Peter Shaper*, Cause No. 2022-01305 in the District Court of Harris County, Texas, 61st Judicial District (the "Action") to the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

1. The Action was brought by Catherine E. Youngman, in her capacity as Class 3 Trustee for the Speedcast SFA Lenders' Litigation Trust (the "Trustee" or "Plaintiff"), which was created in the bankruptcy proceeding concerning SpeedCast International Limited and its debtor affiliates (collectively, "Speedcast"), jointly administered under Case No. 20-32243 in the Bankruptcy Court ("Bankruptcy Proceeding"). The Trustee alleges that Shaper breached fiduciary duties in his capacity as a manager of Speedcast while it was a debtor-in-possession in a Chapter 11 proceeding—i.e., after Speedcast filed its bankruptcy petition and before the Bankruptcy Court's confirmation of the Third Amended Joint Chapter 11 Plan of Speedcast ("Plan").

2. Federal courts have original jurisdiction over "all civil proceedings . . . arising in or related to a case under title 11." 28 U.S.C. § 1334(b). The Action meets this standard, as the Trustee complains of alleged conduct by Shaper in the Bankruptcy Proceeding and seeks to recover damages allegedly "inflicted by his fiduciary breaches on the Bankruptcy process." Orig. Pet. ¶ 12.

## I. BACKGROUND

3. Speedcast filed a petition for bankruptcy relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on April 23, 2020. On January 22, 2021, the

2

Bankruptcy Court confirmed the Plan, which provided for the formation of the Class 3 SFA Lenders' Litigation Trust (the "Class 3 Trust"). The Plan provides that the Bankruptcy Court shall retain non-exclusive jurisdiction with respect to the causes of action belonging to the Class 3 Trust. *See* Plan [Dkt. 1397, Ex. A, in Case No. 20-32243] § 11.1(b).

4. The Trustee commenced the Action by filing an Original Petition in the District Court of Harris County, Texas, 61st Judicial District, on January 7, 2022. Shaper accepted service of the Original Petition on January 10, 2022. In the Action, the Trustee alleges that Shaper owed fiduciary duties to the Speedcast bankruptcy estate from April to August 2020, as a director of a debtor-in-possession in a Chapter 11 proceeding. *See* Orig. Pet. ¶ 99-101. The Trustee alleges that Shaper breached his duties—and aided and abetted the breach of similar duties owed by another Speedcast director—from April 2020 to January 2021, *id*. ¶ 101—by attempting to suppress the value of Speedcast during the pendency of the Bankruptcy Proceeding and obstruct the bankruptcy process in order to further an alleged personal agenda, *id*. ¶¶ 8-15, ¶¶ 49-97.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

5. Venue is proper in this district under section 1452 because "any claim or cause of action" may be removed "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). The Action is pending in the 61st Judicial District Court of Harris County, a district court within the Southern District of Texas. Under Bankruptcy Rule 9027 the Notice of Removal shall be filed with the clerk for the Bankruptcy Court. Under Southern District of Texas General Order 2012-06, all cases and proceedings arising under, arising in, or related to a case under Title 11 of the United States Code are automatically referred to Bankruptcy Court.

6. Removal is timely under 28 U.S.C. § 1446(b) and Bankruptcy Rule 9027(a)(3) because Shaper filed this Notice of Removal within thirty (30) days of the date after receipt by or service on Mr. Shaper of the Original Petition. *See* Exhibit 1 (1/10/22 Email Accepting Service).

7. Pursuant to 28 U.S.C. § 1446(d) and Bankruptcy Rule 9027(b) and (c), Defendants are filing a copy of this Notice of Removal with the Clerk of the 61st Judicial District Court of Harris County, Texas and providing Plaintiff Trustee with written notice thereof.

8. True and correct copies of all materials in the Action that are required to be submitted with this Notice of Removal pursuant to S.D. Tex. Local Rule 81 and Bankruptcy Local Rule 9027 are attached and incorporated herein by reference, including the Docket Sheet, as Exhibits 1-9. The Unredacted Original Petition is attached as Exhibit 3.

9. The state court judge has signed only a single order in the Action, permitting the filing of the Original Petition under seal. It is attached as Exhibit 6. Shaper has not filed an Answer to the Trustee's Original Petition in state court.

10. In accordance with Bankruptcy Local Rule 9027-1(a), the names and addresses of the parties and counsel in the Action are as follows:

| | |
|---|---|
| **Attorneys for Plaintiff Catherine E. Youngman, in her capacity as Class 3 Trustee for the Speedcast SFA Lenders' Litigation Trust** | Bryce L. Callahan<br>State Bar No. 24055248<br>Susanna Rychlak Allen<br>State Bar No. 24126616<br>Yetter Coleman, LLP<br>811 Main Street, Ste. 4100<br>Houston, Texas 77002<br>(713) 632-8000<br>bcallahan@yettercoleman.com<br>sallen@yettercoleman.com<br><br>and<br><br>Jeffrey H. Zaiger<br>Judd A. Linden<br>Zaiger LLC<br>2187 Atlantic Street, 9th Floor<br>Stamford, CT 06902<br>(203) 347-7180<br>jzaiger@zaigerllc.com<br>jlinden@zaigerllc.com |
| **Attorneys for Defendant Peter Shaper** | Eric M. English<br>State Bar No. 24062714<br>Porter Hedges LLP<br>1000 Main Street, 36th Floor<br>Houston, Texas 77002<br>(713) 226-6000<br>eenglish@porterhedges.com<br><br>and<br><br>Ayesha Najam<br>State Bar No. 24046507<br>Ross MacDonald<br>State Bar No. 24087956<br>Caitlin Halpern<br>State Bar No. 24116474<br>Gibbs & Bruns, LLP<br>1100 Louisiana, Ste. 5300<br>Houston, Texas 77002<br>(713) 650-8805<br>anajam@gibbsbruns.com<br>rmacdonald@gibbsbruns.com<br>chalpern@gibbsbruns.com |

### III.   SUFFICIENT GROUNDS FOR REMOVAL EXIST

11.   Section 1452 allows defendants to "remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 provides district courts with original jurisdiction over "all civil proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(b). Sufficient grounds to remove the Action exist because the Action falls within both the Bankruptcy Court's "arising in" and "related to" jurisdiction under section 1334(b) of the Bankruptcy Code.

12.   A proceeding "arises in" a bankruptcy case (and is considered a "core" proceeding) "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987). This includes claims, such as those asserted in the Action, against fiduciaries for mismanagement of the debtor's estate, where the alleged misconduct occurred post-petition and pre-confirmation— as these are "inseparable from the bankruptcy context." *In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir. 1999). Here, the Trustee's claims center on Shaper's alleged misconduct in Speedcast's bankruptcy, in breach of duties owed as a director of a debtor-in-possession, which allegedly interfered (or attempted to interfere) with the bankruptcy process. *See, e.g.*, Orig. Pet. ¶ 8 ("At the heart of this case are the actions taken by Shaper to achieve an attractive investment opportunity for himself and Genesis Park post-Bankruptcy."); *Id.* ¶ 13 ("Shaper's unabashed bias for a bidder that appeared willing to accept his self-serving objectives set the Bankruptcy into chaos, resulting in a depressed recovery and the incurrence of tens of millions in wasteful professional expenses."). The Action is inseparable from the bankruptcy context," *Southmark*, 163 F.3d at 931, and the claims would not exist but for Speedcast's bankruptcy, *see In re Simmons*, 205 B.R. 834, 840

6

(Bankr. W.D. Tex. 1997) ("While we cannot—and need not—define the precise parameters of 'arise in' jurisdiction, we do conclude that matters falling into the category must at the very least be of a sort that could not have occurred but for the bankruptcy.").

13. That the Action asserts state law claims does not disturb its "core" nature. *See Southmark Corp.*, 163 F.3d at 930 (5th Cir. 1999) (citing 28 U.S.C. § 157(b)(3)). "[W]hile state law standards continue to apply to post-petition fiduciary obligations, the rights and remedies of aggrieved shareholders and creditors during the post-petition/pre-confirmation period are regulated by the Bankruptcy Code which controls state law pursuant to the Supremacy Clause of the United States Constitution." *In re Schepps Food Stores,* Inc., 160 B.R. 792, 799 (Bankr. S.D. Tex. 1993). Plaintiff alleges that Shaper breached these federally imposed duties.

14. Additionally, the Action asserts claims "related to" bankruptcy jurisdiction because the allegations concern pre-confirmation, post-petition relations between Shaper and the Speedcast bankruptcy estate; the antagonism already existed as of the date of the confirmation; and the claims turn on facts related to the negotiation of the confirmation plan. *Newby v. Enron Corp. (In re Enron Corp. Secs.)*, 535 F.3d 325, 335–36 (5th Cir. 2008). Accordingly, the Action should be adjudicated in federal court.

## IV. JURY DEMAND

15. Plaintiff Trustee demanded a jury in the Action.

16. Shaper also demands a jury trial. Shaper does not consent to final order or judgment by the bankruptcy judge, including jury trial in bankruptcy court.

## V.     CONCLUSION

17.    For the foregoing reasons, Shaper has met the requirements for removal. By filing this Notice of Removal, Shaper does not waive the right to assert any defenses and/or objections to which he is entitled.

Dated: February 7, 2022

Respectfully submitted,

By: /s/ *Ayesha Najam*
Ayesha Najam
**Attorney-In-Charge**
State Bar No. 24046507
Federal ID No. 605948
Ross MacDonald
State Bar No. 24087956
Federal ID No. 3208919
Caitlin Halpern
State Bar No. 24116474
Federal ID No. 3454643
Gibbs & Bruns, LLP
1100 Louisiana, Ste. 5300
Houston, Texas 77002
(713) 650-8805
anajam@gibbsbruns.com
rmacdonald@gibbsbruns.com
chalpern@gibbsbruns.com

and

Eric M. English
State Bar No. 24062714
Federal ID No. 940865
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
eenglish@porterhedges.com

**ATTORNEYS FOR PETER SHAPER**

**Certificate of Service**

    I hereby certify that copy of the foregoing has been served on all counsel of record on this date, in accordance with the Federal Rules of Civil Procedure.

                                                */s/ Ayesha Najam*
                                                Ayesha Najam